19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Paul CALAHAN, Defendant-Appellant.
 No. 93-2061.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1994.
 
 Before: MARTIN, RYAN, and SUHRHEINRICH, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Richard Calahan appeals the amount of restitution ordered after a jury found him guilty of bank larceny and possession of stolen bank property in violation of 18 U.S.C. Secs. 2113(b) and (c). He contends that the district court failed to consider his earning ability in awarding restitution of $25,500. We affirm the district court.
 
 I.
 
 2
 Early on the morning of November 5, 1992, defendant and his sister broke into the automatic teller machine at the National Bank of Detroit (NBD) in Grand Blanc, Michigan. They stole $45,110 from the machine and caused $1120 in damage. Defendant and his sister split the money from ATM roughly in half. Defendant was arrested within a day after the burglary, and he told the agents that the majority of his portion of the money was still in his truck. The agents recovered $20,730 from defendant's trunk. This left NBD with a net loss of $25,500.
 
 
 3
 The government issued a superseding indictment charging defendant with bank burglary, bank larceny, and possession of stolen bank property. At trial, the jury acquitted defendant on the burglary charge, but convicted him on the other two counts. The district court sentenced him to 27 months imprisonment on each count, to run concurrently. The court also ordered that defendant be responsible, jointly and severally with his sister, for restitution to NBD in the amount of $25,500.
 
 II.
 
 4
 Defendant appeals, claiming that the district court failed to consider his earning ability in formulating the restitution award. The government argues that we should not reach the merits of defendant's appeal, as he did not raise the issue below. A review of the sentencing transcript shows that defendant indicated a desire to appeal because of the large restitution award, but defendant did not ask the district court to rule on that issue. The government is correct that defendant has waived his right to appeal this issue by failing to raise his objections to the restitution award in the district court. United States v. French, 974 F.2d 687, 697 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993).
 
 
 5
 The district court ordered restitution under the Victim and Witness Protection Act, 18 U.S.C. Secs. 3663 & 3664. That statute places the burden on the defendant to demonstrate the extent of his financial resources. 18 U.S.C. Sec. 3664(d). Defendant's failure to raise the issue below leaves this court with nothing to review. The district court rendered no decision on the issue, and because the issue was not raised before the lower court, no factual record was developed. Accordingly, we may only review for manifest injustice, French, 974 F.2d at 697, and we find none.
 
 III.
 
 6
 For the foregoing reasons, we AFFIRM the district court's order of restitution.